IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL HARDY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:22-cv-00430 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**ORDER STAYING CASE**

Petitioner Paul Hardy, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, he challenges his convictions and concurrent life sentences imposed by the United States District Court for the Eastern District of Louisiana, in Case No. 2:94-CR-381-2. Respondent was ordered to respond but has moved to stay the case pending the Supreme Court's decision on a threshold legal question. (Dkt. No. 9.) For the reasons set forth below, the court concludes that the motion to stay should be granted.

In his petition, Hardy raises claims for relief based on the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). Hardy's petition seems to be seeking relief under two decisions from the Fourth Circuit: *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). These cases set forth this circuit's test to determine when 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of a conviction and a sentence, respectively, entitling a federal defendant to file a § 2241 petition instead. *See* 28 U.S.C. § 2255(e) (allowing a habeas petition where the remedy of a § 2255 motion "is inadequate or ineffective to test the legality of his detention"). Respondent states that "[s]ince at least 2018, the Department of Justice has taken the position [that] the Fourth Circuit's decisions in *Jones* and *Wheeler* are wrongly decided." (Mot. Stay 1, Dkt. No. 8.)

On May 16, 2022, the Supreme Court granted a petition for writ of certiorari in *Jones v. Hendrix*, No. 21-857, from a decision of the Eighth Circuit. The Eighth Circuit decision addressed the scope of relief available under 28 U.S.C. § 2241 and § 2255(e). *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021). The Eighth Circuit recognized the existing circuit split as to whether a change in case law that arguably renders a defendant's conduct non-criminal, combined with the successive motions bar in § 2255, renders § 2255's remedy inadequate or ineffective, thereby allowing a habeas petition under § 2241. *Id.* at 686. Joining the Tenth and Eleventh Circuits—and breaking with decisions of the Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and D.C. Circuits—the Eighth Circuit concluded that such a scenario did not render § 2255 inadequate or ineffective. *Id.* at 687.

The court believes it likely that the Supreme Court's decision in *Jones* will resolve this circuit split or at least offer some guidance to the lower courts as to the appropriate scope of relief under § 2255(e) and § 2241. As such, the decision is likely to be relevant to the legal analysis necessary to decide this case.

Because the *Jones* case is likely to have a direct bearing on the proper legal analysis this court should employ in this case, the court finds that a stay would serve the interest of judicial efficiency and that a stay is otherwise appropriate. *Accord Spaulding v. Streeval*, No. 7:22-cv-118, (W.D. Va. June 29, 2022) (order staying § 2241 petition pending decision in *Jones v. Hendrix*); *Pryor v. Streeval*, No. 7:22-cv-193, 2022 WL 2110849 (W.D. Va. June 10, 2022) (same). It is therefore ORDERED that respondent's the motion to stay (Dkt. No. 8) is GRANTED, and this matter is STAYED pending a decision in *Jones v. Hendrix*, No. 21-857 (U.S.).

3

It is further ORDERED that respondent shall file a response to the petition not later than 30 days after the Supreme Court issues its decision in *Jones v. Hendrix*. Hardy may file a reply not later than 30 days after the respondent's response is filed. If Hardy wants to move again for the appointment of counsel after respondent files his response, then he may file at that time a motion to appoint counsel, along with submitting the financial forms previously sent to him to show that he is indigent.

Entered: October 12, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge