CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 12, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| PAUL HARDY, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>WARDEN STREEVAL, )<br>    Respondent. ) | Civil Action No. 7:22cv00430<br><br>MEMORANDUM OPINION<br><br>By:   Joel C. Hoppe<br>         United States Magistrate Judge |

      Petitioner Paul Hardy, a federal inmate appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] *See generally* Pet. 1–9, ECF No. 1; Pet'r's Br., ECF No. 1-1. Hardy is serving a term of life imprisonment after being convicted of conspiring to violate and violating another's federal civil rights resulting in the victim's death. *See United States v. Hardy*, No. 2:94cr381-2 (E.D. La. Nov. 6, 1996), ECF No. 2257. Hardy alleges that he was subject to mandatory life in prison under 18 U.S.C. § 3559(c)'s so-called "3 strikes" provision. Pet'r's Br. 3 (citing 18 U.S.C. § 3559(c)). He contends that this Court should vacate his convictions and sentence because of a post-conviction Supreme Court decision reinterpreting a statute with language analogous to that of the statute under which he alleges he was convicted. *See id.* at 3–8. The Respondent Warden Streeval moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 14. Hardy responded, opposing the motion to dismiss and requesting an evidentiary hearing. Pet'r's Resp. Opp'n Mot. Dismiss, ECF No. 22. Having considered the parties' filings, the criminal case record, and the applicable law, I find that this Court lacks subject-matter jurisdiction to consider Hardy's petition. Accordingly, the Court will grant Respondent's motion and dismiss the action without prejudice. Fed. R. Civ. P. 12(h)(3).

I. Standard of Review

---

[1] The case is before me by the parties' consent under 28 U.S.C. § 636(c). ECF No. 24.

As the party invoking a federal court's authority, the petitioner bears the burden of showing that subject-matter jurisdiction exists. *Johnson v. Brown*, No. 5:22cv321, 2023 WL 5289215, at *2 (N.D. W. Va. Aug. 15, 2023) (published decision); *Smith v. Leu*, No. 3:22cv274, 2023 WL 3603737, at *1 (E.D. Va. May 23, 2023); *cf. Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A Rule 12(b)(1) motion to dismiss challenges that invocation, "asserting, in effect, that the [petitioner] lacks any 'right to be in the district court at all.'" *See State Constr. Corp. v. Slone Assocs., Inc.*, 385 F. Supp. 3d 449, 457 (D. Md. 2019) (quoting *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F. 3d 448, 451 (4th Cir. 2012)).

## II. Background[2] & Procedural History

In 1996, Hardy was convicted in the Eastern District of Louisiana on three counts stemming from his role in killing Kim Marie Groves: (1) "conspiracy against civil rights – murder" under 18 U.S.C. § 241; (2) "violation of civil rights" under 18 U.S.C. § 242; and (3) first-degree murder under 18 U.S.C. § 1512(a)(1)(C). *See Hardy*, No. 2:94cr381-2, ECF No. 630. Hardy was sentenced to death. *See id.* In 1999, the U.S. Court of Appeals for the Fifth Circuit affirmed his convictions on the first two counts, but reversed his conviction on the third count, vacated his death sentence, and remanded the case for resentencing. *United States v. Causey*, 185 F.3d 407 (5th Cir. 1999). On remand, the district court found that Hardy was ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304 (2002), *Hardy*, No. 2:94cr381-2, ECF No.

---

[2] The Court takes judicial notice of Hardy's criminal convictions and other undisputed facts that are publicly available on official government websites. *See Judson v. Bd. of Supervisors*, No. 4:18cv121, 2019 WL 2558243, at *4 n.4 (E.D. Va. June 20, 2019) (citing *Parson v. Miles*, No. 4:17cv708, 2018 WL 1477601, at *3 (D.S.C. Mar. 27, 2018)) (as with a 12(b)(6) motion, "when considering a 12(b)(1) motion to dismiss, the Court may consider matters of which" it may take judicial notice); *see also Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (on a 12(b)(6) motion, a court may consider "matters of public record"); *Centre L. & Consulting v. Axiom Res. Mgmt.*, 456 F. Supp. 3d 765, 767 n.1 (E.D. Va. 2020) (on a 12(b)(6) motion taking judicial notice of undisputed facts publicly available on an official state-government website).

2173, and sentenced him to life imprisonment on counts one and two. *See Hardy*, No. 2:94cr381-2, ECF No. 2257. The Fifth Circuit affirmed Hardy's convictions and sentence, *United States v. Hardy*, 499 F. App'x 388 (5th Cir. 2012) (per curiam), and the Supreme Court denied certiorari, *Hardy v. United States*, 571 U.S. 831 (2013).

In October 2014, Hardy filed a motion in the U.S. District Court for the Eastern District of Louisiana to vacate his sentence under 28 U.S.C. § 2255. *Hardy*, No. 2:94cr381-2, ECF No. 2378. The court denied this motion with prejudice on March 22, 2018. *Hardy*, No. 2:94cr381-2, ECF Nos. 2466, 2468. Hardy appealed, *Hardy*, No. 2:94cr381-2, ECF No. 2472, but the Fifth Circuit denied Hardy's motion for a certificate of appealability, *Hardy*, No. 2:94cr381-2, ECF No. 2477 (Apr. 8, 2019).

\*

Hardy is incarcerated in USP Lee in Jonesville, Virginia. Pet. 1, 9. In July 2022, he filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. *See id.* at 1. He alleges that he was sentenced to life imprisonment under 18 U.S.C. § 3559, *see* Pet'r's Br. 3,[3] which mandates life imprisonment when a person has been convicted of "2 or more serious violent felonies," among other circumstances, 18 U.S.C. § 3559(c)(1)(A)(i). Hardy contends that 18 U.S.C. § 3559's definition of "serious violent felony" is similar to the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Pet'r's Br. 3–7. In *Borden v. United States*, the Supreme Court held that an offense criminalizing reckless conduct does not qualify as a "violent felony"—that is, a felony that "has as an element the use,

---

[3] The record of Hardy's conviction and sentencing does not indicate that he was sentenced under 18 U.S.C. § 3559. *See generally Hardy*, No. 2:94cr381-2, ECF Nos. 2257, 2258. Instead, the Judgment indicates that he was convicted and sentenced under 18 U.S.C. § 241 and 18 U.S.C. § 242, and the sentencing transcript shows that he had a criminal history Category I, which suggests he had not been convicted of any "serious violent felony" before he committed the instant offense. *Id.*

3

attempted use, or threatened use of physical force against the person of another"—under the ACCA. 593 U.S. 420, 424, 429 (2021) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Hardy argues that his convictions under 18 U.S.C. § 241 and 18 U.S.C. § 242 could not be predicate "violent felony offenses" under 18 U.S.C. § 3559(c)(1)(A)(i) because his intellectual disability prevented him from developing a mens rea greater than recklessness. Pet'r's Br. 3–7. As such, he argues that this Court should vacate his sentence and conviction. *Id.* at 8. He contends that this Court has subject-matter jurisdiction over his petition under § 2241 because the Supreme Court reinterpreted the ACCA after he filed his "direct appeal" and his § 2255 motion and he cannot satisfy § 2255(h)'s requirements. *See* Pet'r's Br. 7. He requests an evidentiary hearing. Pet'r's Resp. Opp'n Mot. Dismiss 1.

In October 2022, this Court stayed the action pending the Supreme Court's decision in *Jones v. Hendrix*. ECF No. 9. Shortly after the Supreme Court decided *Jones* in June 2023, Warden Streevel moved to dismiss Hardy's § 2241 petition for lack of subject-matter jurisdiction under Rule 12(b)(1). He argues that the petition is really an unauthorized "second or successive" § 2255 motion and that *Jones* precludes Hardy from satisfying § 2255(e). *See* Mot. to Dismiss 1, 3–9 (discussing *Jones*, 599 U.S. 465).

### III. Analysis

A.  *Section 2241 Petition for Writ of Habeas Corpus*

Warden Streevel's motion "concerns the interplay between two statutes: 28 U.S.C. § 2241, the general habeas corpus statute, and § 2255, which provides an alternative postconviction remedy for federal prisoners," *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Generally, "the procedures set forth in § 2255 are the appropriate vehicle for a defendant's challenge to his federal conviction and/or sentence." *United States v. Ferguson*, 55 F.4th 262,

4

271 (4th Cir. 2022). "A prisoner's ability to utilize § 2255 is limited, however, when the prisoner seeks to file a 'second or successive' motion." *Neal v. Streeval*, No. 7:22cv475, 2023 WL 5808924, at *1 (W.D. Va. Sept. 7, 2023). In that case, a "panel of the appropriate court of appeals" must certify that a "second or successive motion" contains either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones*, 599 U.S. at 469–70.

Nonetheless, § 2255's "saving clause" allows a federal prisoner to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255(h)'s limitation on "second or successive" motions does not make § 2255 "'inadequate or ineffective' such that [a] prisoner may proceed," *Jones*, 599 U.S. at 470, "under § 2241 with a claim based on favorable, post-conviction statutory interpretation," *Spaulding v. Streeval*, No. 7:22cv118, 2024 WL 95353, at *2 (W.D. Va. Jan. 9, 2024) (citing *Jones*, 599 U.S. at 470). "[T]he saving clause does not authorize such an end-run around" the "two—and only two—conditions in which a second or successive § 2255 motion may proceed." *Jones*, 599 U.S. at 477. Instead, the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478. "The inability of a prisoner with a statutory

5

claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means he cannot bring it at all." *Id.* at 480.

Here, Hardy seeks to challenge the validity of his convictions and sentence based on the Supreme Court's reinterpretation of language in the ACCA that is akin to the language in 18 U.S.C. § 3559. Pet'r's Br. 3–8; *see also* Pet. 8. He argues that this Court has subject-matter jurisdiction over his § 2241 petition through § 2255(e)'s saving clause because the Supreme Court reinterpreted the ACCA after his § 2255 petition was denied in 2018, and he cannot satisfy § 2255(h). Pet'r's Br. 7. Hardy's challenge could be proper through a petition under § 2255, but he has already unsuccessfully brought that petition in the sentencing court. His "inability to satisfy the restrictions in § 2255 does not mean that he can bring his claim in a § 2241 petition under the saving clause." *Lawson v. Warden of USP Lee*, No. 7:23cv373, 2023 WL 8039805, at *2 (W.D. Va. Nov. 20, 2023); *see also Jones*, 599 U.S. at 480; *Neal*, 2023 WL 5808924, at *2; *Spaulding*, 2024 WL 95353, at *2 ("The mere fact that [petitioner's] present statutory interpretation claims do not satisfy either of the requirements under § 2255(h) for filing a second or successive § 2255 motion does not make § 2255 'inadequate or ineffective' such that he may proceed with those claims under § 2241 instead." (citing *Jones*, 599 U.S. at 480)). Hardy has not identified any "unusual circumstances" that "make it impossible or impracticable . . . to seek relief from the sentencing court." *Jones*, 599 U.S. at 478.[4] He does "not challeng[e] the legality of his detention beyond the collateral attack on his sentence," *Lawson*, 2023 WL 8039805, at *2. *See* Pet'r's Br. 3–8; Pet. 2, 5–8. Thus, the Court does not have subject-matter jurisdiction over Hardy's § 2241 petition. *Spaulding*, 2024 WL 95353, at *2; *Lawson*, 2023 WL 8039805, at *2.

---

[4] "The clearest such circumstance is the sentencing court's dissolution." *Id.* at 474. Additionally, the saving clause might "apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Id.* at 475 (cleaned up).

B.        *Request for an Evidentiary Hearing*

In his opposition to the Warden's motion to dismiss, Hardy also requests an evidentiary hearing. Pet'r's Resp. Opp'n Mot. Dismiss 1. He argues that he "is [e]ntitled to an [e]videntiary [h]earing" because the Warden "fail[ed] to establish that [he] is conclusively entitled to no relief on his claims." *Id.* Because the Court lacks jurisdiction over and will dismiss Hardy's petition, his request for an evidentiary hearing will be denied. *Brunson v. Wilson*, No. 3:18cv201, 2020 WL 365102, at *4 (E.D. Va. Jan. 22, 2020), *aff'd*, 810 F. App'x 218 (4th Cir. 2020).

## IV. Conclusion

For the foregoing reasons, the Respondent's Rule 12(b)(1) motion to dismiss, ECF No. 14, will be granted, and Hardy's petition will be dismissed without prejudice. Hardy's request for an evidentiary hearing, ECF No. 22, will be denied.

A separate Order will be entered.

ENTER: April 12, 2024

Joel C. Hoppe
U.S. Magistrate Judge